*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* K. LARSON, Minor.

UNPUBLISHED
January 26, 2023

No. 362643
Lenawee Circuit Court
Family Division
LC No. 22-000136-NA

Before: M.J. KELLY, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Respondent voluntarily released her parental rights to her biological child after she stated that the child might have heritage from a Cherokee tribe. Respondent now challenges that the Department of Health and Human Services (DHHS) did not properly notify the Cherokee tribes as required by the Indian Child Welfare Act (ICWA), 28 USC 1901 et seq, or the Michigan Indian Family Preservation Act (MIFPA), MCL 712B.1 et seq. Under *In re Morris*, 491 Mich 81, 88; 815 NW2d 62 (2012), we remand solely with regard to the issue of the notice to Native American tribes.

DHHS filed a petition to remove the child from respondent's care because it received a complaint that respondent was not providing proper supervision. The petition also noted that the child might have Native American heritage, and DHHS sent a "Native Child Tribal Enrollment/Eligibility Verification" form to the "ICWA Tribal Agent Midwest Regional Director." The Eligibility Verification form stated that the child was alleged to have heritage from a Cherokee tribe, and it listed the child's biological parents' names.

At a preliminary hearing regarding the petition, respondent stated that she believed that her "great-great grandmother on [her] mom's side" was "like full, 100 percent Cherokee Indian." After DHHS indicated that it had sent out the request to investigate the child's heritage, respondent stated that she wanted to release her parental rights. The trial court accepted respondent's statement and terminated her parental rights to the child.

Respondent now argues that the Eligibility Verification form was insufficient under ICWA and MIFPA. Generally, "[t]his Court reviews issues involving the application and interpretation of the ICWA de novo as questions of law." *In re JL*, 483 Mich 300, 319; 770 NW2d 853 (2009).

-1-

This Court also reviews issues involving the MIFPA de novo. *In re Detmer/Beaudry*, 321 Mich App 49, 59; 910 NW2d 318 (2017).

Respondent did not challenge the Eligibility Verification form in the trial court, however, and this issue is unpreserved for appellate review. Therefore, this Court will review it for plain error affecting respondent's substantial rights. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014).

ICWA provides, in pertinent part:

In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian and the tribe or the Secretary.... [25 USC 1912 (a).]

Respondent also challenges that petitioner's notice was not in compliance with the MIFPA, specifically MCL 712B.9(3) which states:

The department shall actively seek to determine whether a child at initial contact is an Indian child. If the department is able to make an initial determination as to which Indian tribe or tribes a child brought to its attention may be a member, the department shall exercise due diligence to contact the Indian tribe or tribes in writing so that the tribe may verify membership or eligibility for membership. If the department is unable to make an initial determination as to which tribe or tribes a child may be a member, the department shall, at a minimum, contact in writing the tribe or tribes located in the county where the child is located and the secretary.

In this case, respondent presented sufficient initial indicia of Native American heritage because she stated that the child had Cherokee heritage through her great-great grandmother.

In situations in which the specific alleged tribal heritage is known, ICWA requires petitioner to "notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention." 25 USC 1912 (a). Similarly, MIFPA requires petitioner to "exercise due diligence to contact the Indian tribe or tribes in writing so that the tribe may verify membership or eligibility for membership." MCL 712B.9(3).

Petitioner had adequate information to make an "initial determination" that the child "may be a member" of a Cherokee tribe, and it sent notice to the ICWA Midwest Regional Director. There is no information in the record, however, that petitioner sent any notice to a Cherokee tribe, as required by both ICWA and MIFPA when the particular tribe is known.

The notice to the ICWA Midwest Regional Director listed the child's tribal affiliation as "Cherokee," but, as respondent argues, the family tree accompanying the letter to the ICWA Midwest Regional Director was not complete because it did not list the great-great grandmother's name, and only listed the child's name, mother's name, and father's name. Thus, there was minimal information to verify the child's heritage.

Therefore, without any indication that a Cherokee tribe was notified, petitioner failed to satisfy the notice requirements of ICWA and MIFPA when there was "sufficiently reliable information" from respondent that the child's "tribal membership" was from a Cherokee tribe. *In re Morris*, 491 Mich at 88.

Respondent asks this Court to reverse her voluntary release of her parental rights to the child on the basis of the ICWA and MIFPA notice violations. Our Supreme Court in *In re Morris*, however, held that the proper remedy for a notice violation is to remand for resolution of the notice issue solely. Specifically, it stated:

> Therefore, we hold first that sufficiently reliable information of virtually any criteria on which tribal membership might be based suffices to trigger the notice requirement. We hold also that a parent of an Indian child cannot waive the separate and independent ICWA rights of an Indian child's tribe and that the trial court must maintain a documentary record including, at minimum, (1) the original or a copy of each actual notice personally served or sent via registered mail pursuant to 25 USCA § 1912(a), and (2) the original or a legible copy of the return receipt or other proof of service showing delivery of the notice. Finally, we hold that the proper remedy for an ICWA-notice violation is to conditionally reverse the trial court and remand for resolution of the ICWA-notice issue. [*Id.*]

Additionally, respondent presents no argument as to how her parental rights to the child were prejudiced by the inadequate notices under ICWA and MIFPA, and she presents no argument that her voluntary release was improper, or that the termination of her parental rights was not in the best interest of the child. "A party may not simply announce a position and leave it to this Court to make the party's arguments and search for authority to support the party's position. Failure to adequately brief an issue constitutes abandonment." *Seifeddine v Jaber*, 327 Mich App 514, 519-520; 934 NW2d 64 (2019) (cleaned up). Therefore, respondent has abandoned this issue regarding her voluntary release of her parental rights to the child.

Nevertheless, the Eligibility Verification form that was sent to the ICWA Midwest Regional Director did not satisfy the requirements of ICWA and MIFPA because there is no indication that the specific tribe was notified. Even though respondent abandoned her argument concerning the termination of her parental rights, the notice violation is separate from the termination. Native American tribes retain their independent right to be notified when a child with Native American heritage is being placed in foster care or their parent's rights are being terminated.

Therefore, the trial court should determine whether the appropriate notices had been delivered to the relevant tribes and, if not, order DHHS to send the appropriate notices in compliance with ICWA and MIFPA.

Remanded to the trial court for the sole issue of adequate notice to the appropriate tribes. We retain jurisdiction.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle

# Court of Appeals, State of Michigan

## ORDER

In re K Larson Minor

Docket No.    362643

LC No.        22-000136-NA

Michael J. Kelly
Presiding Judge

Mark T. Boonstra

Brock A. Swartzle
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

The trial court shall act within 21 days of the Clerk's certification of this order, and this matter shall be given priority on remand until it is concluded.  As stated in the accompanying opinion, the trial court should determine whether the appropriate notices had been delivered to the relevant tribes and, if not, order DHHS to send the appropriate notices in compliance with ICWA and MIFPA.  The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The record of all proceedings on remand, including any transcripts, shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

January 26, 2023
_____
Date

_____
Chief Clerk